DCN08202303020000234070004140  Date Received-20230302  Scan Intake-03032023

Electronically Submitted
2/20/2023 10:53 AM
Gregg County District Clerk
By: Debbie Kinney ,deputy

CAUSE NO. 2023-312-B

| CURT ADKISSON | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | GREGG COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY OF INDIANA, MARY TATE, AND LARRY HOLLON | § § § 124TH | JUDICIAL DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CURT ADKISSON, (referred to herein as "**Plaintiff**"), and files this Plaintiff's Original Petition, complaining of Defendants SAFECO INSURANCE COMPANY OF INDIANA ("SAFECO"), MARY TATE ("TATE"), and LARRY HOLLON ("HOLLON") (hereinafter collectively referred to as "**Defendants**") and for cause of action would show the following:

### DISCOVERY

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### PARTIES

2. Plaintiff CURT ADKISSON is an individual now residing in Johnson County, Texas.

3. Defendant SAFECO INSURANCE COMPANY OF INDIANA is an insurance company registered to engage in the business of insurance in Texas. This defendant may be served with process via certified mail, return receipt requested, by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701, or wherever else it may be found.

DCN0820230302000023407000414Ó Date Received-20230302  Scan Intake-03032023

4.     Defendant MARY TATE is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster.  This Defendant does not reside in Texas and has not appointed an agent for service of process.  Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with process at P O Box 515097, Los Angeles, CA 90051, or wherever else she may be found.

5.     Defendant LARRY HOLLON is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster.  This Defendant may be served with personal process at 8 Willow Ridge Road, Greenville, TX 75402, . or wherever else he may be found.

## JURISDICTION

6.     The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court. Plaintiff is seeking monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. Plaintiff reserves the right to amend this amount as discovery continues.

7.     The court has jurisdiction over Defendant SAFECO because this Defendant engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the state of Texas.

8.     The court has jurisdiction over Defendants TATE and HOLLON because these Defendants engage in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arose out of these Defendants' business activities in the State of Texas.

## VENUE

9.     Venue in this cause is proper in Gregg County because the insured property is situated in Gregg County. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

10.     Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter

2

DCN0620230302000023407000414140 Date Received-20230302 Scan Intake-03032023

referred to as "**the Policy**"), which was issued by (referred to herein as "**Insurance Company**").

11.     Plaintiff owned the insured property, which is specifically located at 3280 W. Cerliano Drive, Longview, TX. 75605 (hereinafter referred to as "**the Property**").

12.     Insurance Company sold the Policy insuring the Property to Plaintiff.

13.     On or about February 19, 2021 Plaintiff sustained busted pipes and related water damage to the following areas of the Property due to winter storm Uri:  Hallway, Living Room, Utility Room, Kitchen, Half Bathroom, Foyer/Entryway, Master Bath, Master Bedroom, Walk-In Closet, Basement, Room 1, Room 2, Room 3, and the flooring throughout the home.

14.     Pursuant to the Policy, Plaintiff asked that the Insurance Company pay for the damage to the Property.

15.     The Insurance Company, without requiring written notice of the claim from the Plaintiff, assigned TATE and HOLLON (referred to herein as "**Adjusters**"), who were improperly trained by Insurance Company, as the Adjusters to investigate Plaintiff's claim. Adjusters, because of inadequate and improper instruction and training, failed to perform an investigation of Plaintiff's claim that met the minimum standards of performance pursuant to industry standards, §§21.203 and 21.205 of the Texas Administrative Code, applicable law, or otherwise.

16.     The field adjuster/estimator assigned to the claim was HOLLON. Hollon inspected the Property on March 16, 2021 and conducted a substandard investigation, as seen in his estimate dated March 20, 2021. This estimate was reviewed and approved by TATE, who was the Claim Representative on the matter.

17.     Plaintiff was told the Insurance Company would not pay for the damages alleging that the Plaintiff was not living there at the time of the incident. This denial was wrongful as the Property was Plaintiff's homestead and was not vacant at the time of loss as defined by the Policy.

DCN08202303020000234070004140  Date Received-20230302  Scan Intake-03032023

18.    The damage caused at Plaintiff's Property as a result of water damage, a covered cause of loss under the policy, is extensive.  The cost to repair only will increase with building material costs on the rise along with the possibility that the damage will continue to worsen despite reasonable steps taken by Plaintiff to mitigate the damage.

19.    Adjusters assigned to the claim were improperly trained by Insurance Company or otherwise neglected any such training and failed to perform a complete investigation of the claim. Adjusters conducted a substandard inspection of Plaintiff's Property and incorrectly determined the damages to the Property.

20.    The damages to the entire property were wholly underestimated on the estimates prepared by the Adjusters and that underestimation of damages by the Adjusters was subsequently ratified and approved by Insurance Company.

21.    Adjusters' estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.

22.    The Insurance Company's personnel failed to thoroughly review and properly oversee the work of its assigned Adjusters, ultimately approving and adopting an improper adjustment and inadequate, unfair settlement of Plaintiff's claim.

23.    Together, Defendants Insurance Company and Adjusters set out to deny and underpay on properly covered damages. The Insurance Company failed to provide full coverage for the damages sustained by Plaintiff, failed to fully scope the damages, and undervalued the damages it did account for, thus denying adequate and sufficient payment to Plaintiff.

24.    The mishandling of the claim also caused a delay in Plaintiff's ability to fully repair his home, which has resulted in additional damages.  To this date, Plaintiff has yet to receive full payment under the Insurance Policy for the damages.

DCN08202303020000234070004140  Date Received-20230302  Scan Intake-03032023

25.    The Insurance Company ratified the Adjusters' inadequate methods and investigation, resulting in Plaintiff's claim being undervalued and underpaid. The unreasonable investigation of Plaintiff's claim resulted in the considerable underpayment of the claim. Plaintiff has suffered actual damages resulting from Defendants' wrongful acts and omissions as set forth above and further described herein.

26.    The Insurance Company intentionally chose and adopted a business model that provided for retaining very few, if any, qualified adjusters as employees, and instead relied upon outside contractors to perform the Insurance Company's non-delegable duties of investigating claims in accordance with applicable Texas law. In addition, the Insurance Company compensated its outside contractor adjusters by incentivizing them to exclude or artificially minimize the amount damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law. Further, the Insurance Company had no or inadequate procedures in place to monitor or regularly audit the work product of its outside adjusters. Therefore, the Insurance Company was reasonably aware, or knew or should have known, that claims estimates generated by its adjusters, inclusive of the estimates at issue in this case, were wholly deficient by any measure under the contract and the law and were likely to result in considerable underpayment and wrongful denial of insurance claims, as occurred with Plaintiff's claim.

27.    Moreover, Adjusters were aware that the Insurance Company was incentivizing them to minimize the amount of damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law. Adjusters accepted these terms knowing that they would likely cause their inspection and resulting claim's estimate to exclude or artificially

DCN0820230302000234070004140  Date Received-20230302  Scan Intake-03032023

minimize the amount of related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law.

28.     As detailed in the paragraphs below, Insurance Company wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Insurance Company denied Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

29.     Insurance Company continues to delay paying Plaintiff for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to his home.

30.     Insurance Company voluntarily assumed a non-contractual obligation to inspect and value Plaintiff's damages, thereby causing its conduct to be governed by the applicable provisions of the Texas Insurance Code.  However, it then failed to comply with its duties and obligations under the law for inspecting and valuing covered losses, and likewise failed to perform its contractual duty to adequately compensate Plaintiff for monies owed to him under the Policy. More specifically, but without limitation, Insurance Company failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. As such, and as further described herein, Insurance Company's conduct in this regard constitutes both a violation of the applicable provisions of the Texas Insurance Code, as well as a breach of the insurance contract between Insurance Company and Plaintiff.

31.     Defendants Insurance Company and Adjusters misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by

DCN08202303020000234070004140  Date Received-20230302  Scan Intake-03032023

a covered occurrence. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

32.    Defendants Insurance Company and Adjusters failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

33.    Defendants Insurance Company and Adjusters failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Insurance Company and Adjusters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. As such, Defendants Insurance Company's and Adjusters' conduct in this regard is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

34.    Defendants Insurance Company and Adjusters failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Insurance Company and Adjusters. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

35.    Defendants Insurance Company and Adjusters refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.

DCN08202303020000234070004140   Date Received-20230302   Scan Intake-03032023

Specifically, Defendants Insurance Company and Adjusters performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

36.    After receiving notice of Plaintiff's claim, Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code to timely and within the statutorily mandated time acknowledge Plaintiff's claim, begin an investigation of Plaintiff's claim and request all information reasonably necessary to investigate Plaintiff's claim. As such, Insurance Company's conduct in this regard constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.055.

37.    Insurance Company failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.056.

38.    Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Insurance Company has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for his claim. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS.CODE §542.058.

39.    From and after the time Plaintiff's claim was presented to Insurance Company, the liability of Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Insurance Company has refused to pay Plaintiff in full, despite

DCN0820230302000234070004140 Date Received-20230302 Scan Intake-03032023

there being no basis on which a reasonable insurance company would have relied on to deny the full payment. As such, Insurance Company's conduct in this regard constitutes a breach of the common law duty of good faith and fair dealing.

40. Additionally, Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

41. Defendants' wrongful acts and omissions, as further detailed herein, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing him with respect to these causes of action.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT ADJUSTERS

42. In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 41 as if fully set forth *verbatim*.

43. Insurance Company assigned Adjusters to adjust the claim. Adjusters were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During their investigation, Adjusters failed to properly assess Plaintiff's damages. Adjusters also omitted covered damages from their report.

44. As such, Adjusters' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

45. Adjusters are individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of Insurance Company, because each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation,

DCN08202303020000234070004140  Date Received-20230302  Scan Intake-03032023

association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjustor* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). *See also, Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.* 996 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

46.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Adjusters' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Adjusters' unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

47.     Adjusters' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

DCN08202303020000234070004140  Date Received-20230302  Scan Intake-03032023

48.     Adjusters failed to explain to Plaintiff the reason for their inadequate settlement. Specifically, Adjusters failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Adjusters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Adjusters, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis as set forth in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

49.     Adjusters' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

50.     Adjusters did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's damages, although reported by Plaintiff. Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## CAUSES OF ACTION AGAINST
## SAFECO INSURANCE COMPANY OF INDIANA

51.     In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 50 as if fully set forth *verbatim*.

DCN08202303020000234070004140  Date Received-20230302  Scan Intake-03032023

52. Insurance Company is liable to Plaintiff for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

## BREACH OF CONTRACT

53. Insurance Company's conduct constitutes a breach of the insurance contract made between Insurance Company and Plaintiff.

54. Insurance Company's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Insurance Company's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

55. Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

56. Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

57. Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2(A).

58. Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an

12

DCN0820230302000234070004140  Date Received-20230302  Scan Intake-03032023

unfair method of competition and un unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

59.    Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

60.    Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

61.    Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

62.    Insurance Company's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

63.    Insurance Company's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

64.    Insurance Company's delay of the payment of Plaintiff's claim following its receipt of all items, statements and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

DCN0820230302000023407000414O  Date Received-20230302  Scan Intake-03032023

## ACTS CONSTITUTING ACTING AS AGENT

65.     In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 64 as if fully set forth *verbatim*.

66.     Adjusters are agents of Insurance Company based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the Insurance Company. TEX. INS. CODE §4001.051.

67.     Separately, and/or in the alternative, as referenced and described above, Insurance Company ratified the actions and conduct of Adjusters, including the completion of their duties under the common and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

68.     In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 67 as if fully set forth *verbatim*.

69.     Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff in his Policy.

70.     Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time, Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

71.     In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 70 as if fully set forth *verbatim*.

72.     All of the acts described above, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

DCN0820230302000023407000414O Date Received-20230302 Scan Intake-03032023

## DAMAGES

73.    In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 72 as if fully set forth *verbatim.*

74.    Plaintiff would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

75.    As previously mentioned, the damages have not been properly addressed or repaired, causing further damages to the Property while also causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants mishandling of Plaintiff's claim in violation of the laws set forth above.

76.    For breach of contract, Plaintiff is entitled to regain the benefit of his  bargain, which is the amount of his claim, together with attorneys' fees.

77.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff is entitled to three times his actual damages. TEX. INS. CODE §541.152.

78.    For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as the prejudgment interest, penalty interest pursuant to Chapter 542.060(c), cost, together with attorneys' fees. TEX. INS. CODE §542.060.

79.    For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the Insurance Company owed, exemplary damages and damages for emotional distress.

80.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's

DCN08202303020000234070004140  Date Received-20230302  Scan Intake-03032023

attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## CONDITIONS PRECEDENT

81.    All conditions precedent to Plaintiff's claim for relief have been performed or have occurred or are excused.  This includes, but it not limited to, providing notice pursuant to Texas Insurance Code 542A due to impending Statute of Limitations.

## JURY DEMAND

82.    Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff is tendering the appropriate jury fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, treble damage under the Texas Insurance Code, all punitive and exemplary damages as may be found and reasonable and necessary attorneys' fees.

In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself to be justly entitled.

DCN0820230302000234070004140  Date Received-20230302  Scan Intake-03032023

Respectfully Submitted,

**BYRD RAMSEY**

_/s/ Jason M. Byrd_
Jason M. Byrd
State Bar No. 24036303
Michael R. Ramsey
State Bar No.16520200
Katherine D. Ramsey
State Bar No. 24070469
6280 Delaware Street, Suite C
Beaumont, Texas 77706
T: 409.202.2020
F: 409.444.2021
docket@byrdramsey.com

**ATTORNEYS FOR PLAINTIFF**

DCN0820230302000023407004140  Date Received-20230302  Scan Intake-03032023

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christy Chappell on behalf of Jason  Byrd
Bar No. 24036303
christy@txbyrd.com
Envelope ID: 72911407
Status as of 2/20/2023 11:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Christy Chappell | | Christy@txbyrd.com | 2/20/2023 10:53:36 AM | SENT |
| Jason Byrd | | jason@txbyrd.com | 2/20/2023 10:53:36 AM | SENT |
| Byrd Ramsey Docket | | docket@byrdramsey.com | 2/20/2023 10:53:36 AM | SENT |

POOR QUALITY ORIGINAL

DCN0820230302020000234070004140  Date Received-20230302  Scan Intake-0303202...

**Nell McCallum**
**3560 Delaware, Ste. 402**
**Beaumont, Tx 77706**



7021 1970 0001 5099 1127

FIRST-CLASS

US POSTAGE PITNEY BOWES

ZIP 77706
02 7H
0006093C72      FEB 21 2023

$ 009.48°

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mary Tate
P.O. Box 515097
Los Angeles. CA 90051

9590 9402 7808 2152 8178 41

2. Article Number (Transfer from service label)
7021 1970 0001 5099 1127

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)         C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                    Domestic Return Receipt

---

Mary Tate
P.O. Box 515097
Los Angeles CA
90051

DCN0820230302000234070004140  Date Received-20230302  Scan Intake-03032023



Envelope



MAILROOM
LIBERTY MUTUAL-ORANGE-0602
790 THE CITY DRIVE STE 200
ORANGE  CA 92868

**8 LBS**      **1 OF 2**

DWT: 18,13,3

SHIP TO:
ATTN: CAREN DICKINSON
CANON BUSINESS PROCESS SERVICES
4897 W LAKE PARK BLVD SUITE 100
**WEST VALLEY CITY  UT  84120-8206**

**UT 845 9-65**

**UPS NEXT DAY AIR**      **1**

TRACKING #: 1Z 981 658 01 9771 4325

BILLING: P/P

Office/Dept Number: 043D08819
Reference # 2: 79 pcs
CS 23.6.00.   WNTNV50 9.0A 02/2023