IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CURT ADKISSON | § | |
| | § | |
| vs. | § | CASE NO. 6:23-cv-146 |
| | § | |
| SAFECO INSURANCE COMPANY OF INDIANA | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion to Limit Plaintiffs' Claim for Attorney's Fees (ECF 7). The motion is referred to the undersigned for disposition (ECF 14).[1] Having considered the motion, response and reply, the motion should be granted.

## Background

Plaintiff filed this lawsuit against his insurer, Safeco Insurance Company of Indiana, concerning his homeowners' insurance policy claim seeking payment for property damage to his home following a winter storm. Plaintiff asserts that his home suffered broken pipes and related water damage on February 19, 2021, due to a freeze during Winter Storm Uri. Plaintiff complains that Defendant improperly denied his claim.

The lawsuit was originally filed in the 124th Judicial District Court of Gregg County, Texas. Defendant filed a Notice of Removal on March 24, 2023, removing the action to this Court. Defendant then filed the Motion to Limit Plaintiffs' Claim for Attorney's Fees (ECF 7). Defendant

---

[1] Issues related to the recovery of attorney's fees may be referred to a magistrate judge in the same manner as a dispositive pretrial matter. FED. R. CIV. P. 53(d)(2)(D).

seeks to limit Plaintiff's recovery of attorney's fees for failure to provide proper pre-suit notice pursuant to TEX. INS. CODE § 542A.003. Defendant asserts that the statute requires 61-day notice between pre-suit notice and filing suit, but Plaintiff filed suit 4 days after sending pre-suit notice. More specifically, Defendant submits that Plaintiff emailed pre-suit notice on February 16, 2023 and filed suit in state court on February 20, 2023.[2] As a result of Plaintiff's failure to provide proper pre-suit notice, Defendant contends that Plaintiff cannot recover attorney's fees incurred after the date it filed the motion to limit fees.

In response, Plaintiff does not dispute that pre-suit notice was sent on February 16, 2023, and that suit was filed on February 20, 2023. Plaintiff submits, however, that an exception to the pre-suit notice rule applies pursuant to TEX. INS. CODE § 542A.003(d). Plaintiff asserts that the impending expiration of the applicable statute of limitations rendered it impracticable for Plaintiff to then wait 61 days before filing suit. Plaintiff argues that he had a reasonable basis to believe there was insufficient time to provide proper pre-suit notice before the expiration of the limitations period.

In its reply, Defendant argues that Plaintiff is not entitled to the narrow exception provided in § 542A.003(d) because he failed to offer any proof that providing sufficient notice was impracticable or explain why he waited nearly 23 months after denial of the claim to send pre-suit notice. Defendant submits that the cause of action accrued on March 24, 2021 when it denied Plaintiff's claim, yet Plaintiff waited until February 16, 2023 to send pre-suit notice.

## Analysis

The Texas Insurance Code provides, "[i]n addition to any other notice required by law or the applicable insurance policy, not later than the 61st day before the date a claimant files an action

---

[2] Defendant's Motion to Limit Plaintiffs' Claim for Attorney's Fees, ECF 7, at *1.

2

to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action." TEX. INS. CODE § 542A.003(a).  Pre-suit notice requires providing, "(1) a statement of the acts or omissions giving rise to the claim; (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services."  TEX. INS. CODE § 542A.003(b).  This pre-suit notice "is not required if giving notice is impracticable because [] the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire."  TEX. INS. CODE § 542A.003(d)(1).

Here, Plaintiff does not dispute that he did not provide the required pre-suit notice.  Instead, Plaintiff asserts that he did not have time to provide notice 61 days before filing suit because he was reaching the expiration of the statute of limitations.  Plaintiff provides no further facts or explanation concerning the delay between the denial of the insurance claim and the submission of pre-trial notice.

Establishing that it is impracticable to provide proper pre-suit notice "is not an easy threshold to satisfy and 'ought to be reserved for those instances in which presuit notice genuinely cannot be provided.' " *The Hlavinka Equipment Company v. Nationwide Agribusiness Insurance Company*, 546 F.Supp.3d 534, 536 (S.D.Tex. June 30, 2021) (quoting *Tadeo as Tr. of John E. Milbauer Tr. v. Great N. Ins. Co.*, 2020 WL 4284710, at *8 (N.D.Tex. July 27, 2020)).  To avail himself of the exception to providing proper notice, a plaintiff "must plead and offer some proof

as to why the pre-suit notice duty must be excepted – reason independent from simply stating that the impending expiration of the limitations period made the notice impracticable." *Hospitality Operations, LLC v. Amguard Insurance Company*, 2019 WL 11690209, at *2 (E.D.Tex. Dec. 2, 2019).

Plaintiff submits a conclusory statement that he did not send timely pre-suit notice because of the impending statute of limitations deadline to file suit, but he provides no reason for failing to submit the requisite pre-suit notice 61 days before the expiration of the statute of limitations. Plaintiff has not demonstrated that the exception provided in § 542A.003(d)(1) applies. "The Court should not extend the exception of the pre-suit notice to any plaintiff that waits until the statute of limitations run before filing suit." *Id*.

Once a defendant pleads and proves that it did not receive proper pre-suit notice as required by the Texas Insurance Code, "the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court." TEX. INS. CODE § 542A.007(d). As a result of Plaintiff's failure to provide proper pre-suit notice, the Court cannot award Plaintiff attorney's fees incurred after March 27, 2023—the date on which Defendant filed its pleading asserting that Plaintiff failed to properly submit pre-suit notice. *The Hlavinka Equipment Company v. Nationwide Agribusiness Insurance Company*, 546 F.Supp.3d 534, 537–38 (S.D.Tex. June 30, 2021); TEX. INS. CODE § 542A.007(d).

## RECOMMENDATION

It is **RECOMMENDED** that the Motion to Limit Plaintiffs' Claim for Attorney's Fees (ECF 7) be **GRANTED** and that any claim by Plaintiff for attorney's fees incurred after March 27, 2023 be denied.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). The written objections shall not exceed eight pages. *See* Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 1st day of August, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE